Nott, Ob. J.,
delivered tbe opinion of tbe court:
Abrabam, Samuel, and Henry Rhine, in 1853, were partners in trade doing business in Clarksville, Tex. All three are deceased and Abrabam.was surviving partner. On tbe 3d day of August, 1853, tbe Indian defendants in this case seized and carried away property belonging to tbe firm of the value of $3,050.
Tbe present suit was brought under tbe Indian .Depredation Act of 1891 by David Rhine as executor of tbe surviving partner and for tbe benefit of tbe firm or its representatives. On tbe 12th January, 1897, tbe claimant moved for an order dismissing" tbe cause as to Henry and Samuel Rhine, deceased, and that said David Rhine, as executor of Abraham Rhine, deceased, be authorized to continue tbe prosecution of this suit for tbe sum of one-third of tbe value of tbe property alleged to have been lost.
Among tbe reasons referred to was tbe following: “That ' since said offer was made, tbe claimant, David Rhine, has made inquiry and diligent search for proof that would establish tbe citizenship of tbe owners of the property at tbe date of tbe alleged loss, and although fully believing that they were all legally naturalized citizens of the United States at tbe date of tbe loss, be has been, unable to find such proof, except as to one of tbe paxt-ies, viz, Abraham»Rhine, and files herewith a certified copy of the record, showing that Abrabam Rhine was legally and properly naturalized and tbe date thereof.”
As the requirement of citizenship in this class of cases is personal and jurisdictional, the court has regarded it as analogous to tbe requirement of loyalty in tbe Abandoned and Captured Property Act, 1803, and lias followed tbe decision of tbe Supreme Court in Burns Case (12 Wall. R., 240), where it was held in tbe case of co-contractors that where one was loyal and tbe other gave aid and comfort to tbe rebellion, tbe contract might be considered severed and tbe loyal party might maintain bis several action for bis half interest. Accordingly, *483 on tlie representation of the claimant, “that after diligent search he had been unable to flml proof as to citizenship except as to one of the parties,” the court allowed the motion to dismiss the petition as to Henry and Samuel Rhine, and authorizing the executor of the surviving partner to continue the prosecution of the suit for one-third of the value of the property.
On the loth of February, 1897, the following judgment was rendered:
“David Rhine,, executor, v. The United- States and Apache Indians.
“At a Court of Claims held in the city of Washington on the 15th day of February, 1897, judgment was ordered to be entered as follows:
“‘For the claimant, the said David Rhine as executor of Abraham Rhine, deceased, the sum of one thousand and sixteen dollars and sixty-six cents ($1,016.60), of which, sum one hundred and fifty-two ($152) dollars are to be paid to J. M. Yale, esq., his attorney.’”
On the 3d day of August, 1897, this judgment was paid and satisfied at the Treasury.
After the judgment had been rendered, the following proceedings took place: On the 8th day of May, 1897, the circuit clerk for Tippah County, Miss., executed his certificate that the court-house of that county had been destroyed during the war in 1863, having been burned in a raid by Federal soldiers,
• and that no records could be found anterior to those of the year 1847.
On the 21st day of May, 1897, Moses Steinlein made his affidavit in Marion County, Tex., that Samuel Rhine had been naturalized before the Circuit Court of Tippah County in the town of Ripley, Miss., in the year 1845, and that hfe, the affi-ant, was present with him in court when the decree of naturalization was granted. On the 9th September, 1897, Mrs. Florence C. Rhine, the widow of Samuel Rhine, made an affidavit in Fannin County, Tex., that her deceased husband had been a naturalized citizen of the United States;• that she had frequently seen his certificate of naturalization, and that it had been destroyed by the burning of the building in which it, with other papers of Samuel Rhine, had been kept. On the 11th November, 1897, the same Moses Steinlein, in Marion County, Tex., also made his affidavit stating that Henry Rhine had been *484 naturalized at Hernando, De Soto County, Miss., iu November, 1845, and that he had been present in court and was one of the attesting witnesses. The widow of Henry Rhine, Mrs. Alice Hyneman Sotheran, on the lltli November, 1897, in the city of New York, likewise made her affidavit, stating that she had repeatedly seen the certificate of naturalization of her deceased husband. On the 20th day of November, 1897, the clerk of the Circuit Court of De Soto County, Miss., made affidavit that he had made diligent search among the records, but had been unable to discover any entry of the uatuialization of Henry Rhine, aud that the court-house had been burned during the civil war and that some of the records were probably destroyed by fire, among which might have been the record of the naturalization of Henry Rhine. Between the 8th day of May and the 20th day of November various other proofs were taken showing that Samuel and Henry Rhine had become naturalized citizens of the United States; had voted and otherwise exercised the rights of citizens. On the 27th September, 1897, the claimant, David Rhine, came into court and filed his motion as executor of Samuel Rhine, deceased, asking that the cause be reinstated on the docket for the reason that witnesses had been found to show the fact that Samuel Rhine was a naturalized citizen of the United States; and on the 27th November, 1897, he likewise came into court as executor of Henry Rhine, deceased, and made a similar motion. The affidavits hereinbefore referred to were appended to these motions and constituted the motion papers.
It thus appears that after the judgment was rendered, on the 15th February, 1897, but before it was paid aud satisfied, on the 3d of August, 1897, the fact had come to the knowledge of the executor of the surviving partner that proof of citizenship of the two other deceased partners could be supplied.
In view of the facts that the three partners were brothers; that the widows of two of them were living and could furnish some proof of citizenship; that the nominal claimant was the executor of each of the deceased partners as well as of the surviving partner; that the certificate of the' clerk of Tippah County was procured as early as the 8th day of May, 1897, three months before the judgment was paid; and that one of the affidavits of Moses Steinlein, who witnessed the naturalization of both Samuel and Henry Rhine, was procured as early as the 21st of May, 1897; and that the affidavits of four *485 other persons were procured during the month of July, 1897, prior to the payment of the judgment, the court is of the opinion that the representation made by the nominal claimant, David Rhine, in his motion of January 12, 1897, that he had made inquiry and diligent search for proof that would establish the citizenship of Samuel and Henry Rhine was false and unfounded, and that his motion was made in utter disregard of his obligations as executor of the surviving partner suing for the use and benefit of the representatives of all the partners. The court is also of the opinion that the order entered upon that representation should be vacated and set aside, and that the judgment should stand as a recovery by the representative of the firm to the use and benefit of all of such parties.
The claimant, indeed, comes in and asks that he be allowed to reopen and continue the case as executor of Henry and as executor of Samuel Rhine. Rut it is manifest that when the cause of action of the partnership merged in a final judgment, and that judgment was satisfied and paid to the claimant who ."brought the suit, the suit was necessarily at an end, and the power of the court in regard to the controversy which had existed between the parties to the action ceased with the ex-tinguishment of the cause of action. (Michot’s Case, 31 C. Gls. R., 299.)
A cause of action can not ripen into a judgment, and a judgment be extinguished by payment, and the plaintiff then'ask that the case be reopened in order that he may recover more than has been awarded to him. If his present applications are considered as made in a distinct character from that in which he brought the suit, the answer to them is that the time for bringing such suits, under the act of 1891, has expired. If the widows and children of Henry and Samuel Rhine did not recover as much as they would have recovered if the executor of the surviving partner had not pursued the course which he did, the responsibility rests upon him.
The order of the court is that the order in this case of the 12th day of January, 1897, dismissing the cause as to the interest of Henry and Samuel Rhine, and authorizing David Rhine, as executor of Abraham Rhine, to continue the prosecution of the suit, be vacated and set aside; and that the motion of the claimant, filed December 27,1897, as executor of Samuel Rhine, and on the 27th November, 1897, as executor of Henry Rhine, be overruled.